# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICHARD BUILDING SUPPLY I, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THE NORTH RIVER INSURANCE CO., ) <br> ) <br> Defendant. ) | Case No. 16 C 9053 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In September 2014, a catastrophic fire occurred at a warehouse in Connecticut in which Richards Building Supply I, LLC leased space. The fire started in a part of the warehouse occupied by another company but burned out of control and destroyed the part of the building that Richards occupied. Richards suffered losses relating to its own property stored at the site. And in January 2016, Richards received a "potentially responsible party" (PRP) letter from the U.S. Environmental Protection Agency. The letter stated that the EPA had determined that there had been a release of hazardous substances at the warehouse site and that there was a threat of additional releases and that Richards was "potentially liable" under federal law "for the cleanup of the Site." Dkt. No. 1-5 at 1, 2. The letter stated that unless Richards or some other PRP(s) committed to performing or financing the cleanup, EPA would do it and would seek to recover its costs from Richards and other PRPs. *Id.* at 2.

Richards asked its liability insurer, North River Insurance Co., to provide a

defense and indemnification in connection with it characterized as the "action" brought by the EPA.  In its complaint, Richards alleges that North River "has denied coverage for the fire loss clean up and more particularly the EPA PRP Letter and has failed to defend [Richards] or file a declaratory judgment action [seeking a judgment of non-coverage]."  Dkt. 1, ¶ 9.  Richards has sued for damages for breach of contract due to North River's failure to reimburse and defend the company, and for a declaratory judgment regarding coverage under the insurance policy.  Richards also seeks damages for vexatious conduct.

North River has moved for partial summary judgment.  It seeks a determination, among other things, that "Richards' claims in connection with the PRP letter are barred by the [insurance] policy's pollution exclusion."  Def.'s Mem. in Support of Mot. for Partial Summ. J. at 1.

The insurance policy says that North River will pay sums that Richards "becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies" and that North River "will have the right and duty to defend [Richards] against any 'suit' seeking those damages."  Dkt. 1-3, p. 66.  The exclusion on which North River relies in its motion says that the insurance does not apply to:

    **f.    Pollution**

        (1)    "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

            (a)    At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured.  However, this subparagraph does not apply to:

                (i)    "Bodily injury" if sustained within a building and

>>caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests;
>
>>(ii) "Bodily injury" or "property damages" for which you may be held liable, if you are a contractor . . .;
>
>>(iii) "Bodily injury" or "property damages" arising out of heat, smoke or fumes from a "hostile fire";
>
>. . .
>
>(2) Any loss, cost or expense arising out of any:
>
>>(a) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or
>
>>(b) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of "pollutants";
>
>>However, this paragraph does not apply to liability for damages because of "property damage" that the insured would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

Dkt. No. 1-3, pp. 68, 69.

North River's first argument is that the PRP letter is not a "suit," a term defined in the policy as "a civil proceeding in which damages because of 'bodily injury,' 'property damage' or 'personal and advertising injury' to which this insurance applies are alleged," including an arbitration proceeding or any other alternative dispute resolution proceeding in which such damages are claimed. *Id.* at 81. The Illinois Supreme Court has held that a governmental demand letter like the one at issue here is not a "suit" that

3

triggers an insurer's duty to defend under a standard commercial general liability policy like the one North River issued to Richards. *See Lapham-Hickey Steel Corp. v. Protection Mut. Ins. Co.*, 166 Ill. 2d 520, 532-33, 655 N.E.2d 842, 847 (1995). Rather, a "suit" is a proceeding in a court of law (or, perhaps, an arbitration or ADR proceeding in some instances, as indicated by the policy definition set out above). *See Employers Ins. of Wausau v. Ehlco Liquidating Trust*, 186 Ill. 2d 127, 140, 708 N.E.2d 1122, 1130 (1999).

Richards concedes that there is no duty to defend with respect to the PRP letter, but it argues that the duty to indemnify is different. The Court agrees. The Seventh Circuit, applying Illinois law, has made it clear that "the duty to indemnify may arise even in absence of a lawsuit triggering the duty to defend." *Keystone Consol. Indus., Inc. v. Employer Ins. Co. of Wausau*, 456 F.3d 758, 759 (7th Cir. 2006). A liability insurance policy "may entitle the insured to indemnification for claims that do not arise from the resolution of a lawsuit, so long as those claims satisfy any requirements set forth in the relevant provisions of the policy." *Id.* at 762. In other words, "while the duty to indemnify may sometimes nest inside the duty to defend, that will not always be the case." *Id.* (quoting *Sokol & Co. v. Atl. Mut. Ins. Co.*, 430 F.3d 417, 421 (7th Cir. 2005)). In this case as in *Keystone*, the language of the insurance policy "supports a conclusion that [the insurer] has a duty to indemnify [the insured] that is independent of its duty to defend." *Id.* Specifically, the duty to indemnify applies to damages that Richards "becomes legally obligated to pay," whereas the duty to defend applies only to "any 'suit'

4

seeking those damages." Dkt. No. 1-3, p. 66.[1]

North River's second argument is that even if it might otherwise have a duty to indemnify Richards, coverage is excluded by the pollution exclusion quoted earlier. Coverage is not excluded by subparagraph (1) of the exclusion, or at least the Court cannot make such a finding on a motion for summary judgment, because on the present record Richards has a viable argument that any amounts it might ultimately become obligated to pay will constitute property damages "arising out of heat, smoke or fumes from a 'hostile fire,'" Dkt. No. 1-3, p. 68, which is an exception to the general exclusion language.

North River contends, however, that coverage is excluded by subparagraph (2), which excludes coverage for expenses or costs arising from any demand by a regulatory agency to clean up or respond to pollutants, unless the insured would have the liability even in the absence of the regulatory agency's demand. That last exception to the exclusion may provide Richards with a basis for coverage, because for all the Court knows Richards would have liability for the anticipated clean-up even without the EPA's demand—we are primarily talking about future events, so there is no way to say at this point. But unless that exception applies, North River is correct that any response or clean-up costs that Richards may become obligated to pay are excluded by the policy language: they constitute expenses arising out of a demand by a regulatory agency to clean up, remove, or respond to the effects of pollutants. Richards' only argument to

---

[1] Contrary to North River's contention, *Health Care Industry Liability Insurance Program v. Momence Meadows Nursing Center, Inc.*, 566 F.3d 689, 693 (7th Cir. 2009), in no way undermines or detracts from the holding or analysis in *Keystone*. *Health Care Industry* addressed a situation in which "the duty to defend [was] broader than the duty to indemnify," *id.*, which was not the case in *Keystone* and is not the case here.

5

the contrary seems to be that subparagraph (2) is ambiguous in light of subparagraph (1), or perhaps that subparagraph (1) subsumes subparagraph (2) where a "hostile fire" is involved. But Richards offers no support for its proposed reading of the exclusion, and there is no basis in the text of the policy for a determination that the exclusion in subparagraph (2) applies only where the loss is caused by something other than a "hostile fire." This is, in the Court's view, a case in which the policy terms are plain and unambiguous, requiring the Court to apply their plain and ordinary meaning and not to try to conjure up an ambiguity. *See, e.g., Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 391, 620 N.E.2d 1073, 1078 (1993). Subparagraph (2) is not subject to more than one reasonable interpretation as applied here.

**Conclusion**

For the reasons stated above, the Court grants defendant's motion for partial summary judgment [26] in part and denies it in part. Counsel should be prepared at this morning's status hearing to discuss a schedule for further proceedings.

Date: November 22, 2017

_____
MATTHEW F. KENNELLY
United States District Judge